GASPARD DIDIER *v.* JEAN AUGÉ.

Where plaintiff sought to hold defendant liable for money lent, and defendant's books were offered in evidence, in which all the entries were made by plaintiff, as his book-keeper, during defendant's absence from the country—*Held :* That unless defendant objected to the entries on his return, and had his books corrected by counter entries, he will be presumed to have acquiesced in those made, and they will bind him

Where money has been expended in carrying on another person's business, he is bound to account for the same, although some other party may have held his power of attorney.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*Handlin & St. Paul,* for plaintiff. *C. De Choisel,* for defendant and appellant.

MERRICK, C. J. The certificate of the clerk shows that the books, or extracts from the books of the defendant have not been furnished, and are omitted from the record.

The record contains two bills of exception : one to the admission in evidence of defendant's books, kept by plaintiff as his book-keeper, during his (defendant's) absence in France, to charge him with money lent ; the other, to the rejection of defendant's witnesses to prove negligence on the part of plaintiff.

We do not understand the defendant to insist upon the last bill of exception in this court, inasmuch as he says the same facts were afterwards admitted by plaintiff in his answers to interrogatories on facts and articles.

As to defendant's books, it is true that the entries were all made by plaintiff, and at a time when the defendant was absent. But the plaintiff was employed to keep the books, and they were not the less defendant's books because the entries were made by a clerk. The defendant had the right, on his return, to object to any entries which were erroneous, and to have his books corrected by counter entries. Not having done so, he is presumed to have acquiesced in those made, and they bind him as in the case of the rendition of an account by an agent, which is received without any objection, within a reasonable time, by the principal. 14 An. 398, 4 An. 197.

The money having been used in defendant's business, he is bound to account for the same, although another may have held his power of attorney. C. C. 2278.

As the defendant has failed to bring up the extracts from his books of account, we cannot pass upon the merits.

Judgment affirmed.

LAND, J., absent.